UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH PAUL GUARNERI,
                                                  Plaintiff,

                                                                                           9:09-CV-695
vs.                                                                                  (FJS/ATB)

JOHN BATES, JR., *et al.*,
                                                Defendants.
_____

## REPORT-RECOMMENDATION

This case was referred to me pursuant to 28 U.S.C. § 636 (b) and Local Rules N.D.N.Y. 72.3(c).

**I.**    **Background**

On June 17, 2009, plaintiff filed his complaint, alleging that his arrest in September 2008 was without probable cause and based on false charges brought by certain Wal-Mart employees. (Compl. ¶ 27). Plaintiff further alleged that these charges resulted in a parole violation and the resulting judicial proceedings violated a number of his civil rights. (Compl. ¶¶ 28–32, 46). His subsequent incarceration at Schoharie County Jail was allegedly the location of additional violations of plaintiff's civil rights, involving excessive force, deliberate indifference to a serious medical need, violations of due process and the Fifth Amendment right against self-incrimination, cruel and unusual punishment, retaliation, and conspiracy. (Compl. ¶¶ 33, 37–49).

On August 4, 2009, Senior Judge Scullin granted plaintiff's motion for leave to proceed in forma pauperis, and also dismissed without prejudice plaintiff's § 1985

conspiracy claim, equal protection claim, and Fifth Amendment claim. (Dkt. No. 5, pp. 5–6, 8–9). Senior Judge Scullin also dismissed defendants who were only listed in the caption but not mentioned in connection with any factual allegations, those protected by judicial and prosecutorial immunity, and those who could not be considered state actors under section 1983. *Id.* at 4–8.

Pursuant to Senior Judge Scullin's order, plaintiff was given until September 5, 2009, to supply the court with nine copies of the complaint and nine completed USM-285[1] forms. Dkt. No. 6. Plaintiff filed a letter dated August 10, 2009, requesting an extension to September 30, 2009, to provide the needed materials. (Dkt. No. 7). Magistrate Judge Homer granted plaintiff's request, giving him until September 30, 2009, to provide the documents. (Dkt. No. 7). To date, plaintiff has filed nothing further in this case.

Defendants filed a motion to dismiss for lack of prosecution on July 23, 2010. (Dkt. No. 11). Plaintiff has not responded. Plaintiff indicated in his letter dated August 10, 2009, that his new address, as of August 26, 2009, would be 1597 Candy Hill Road, Middleburgh, NY 12122. (Dkt. No. 7). Defendants' affidavit of service for their motion to dismiss indicates that plaintiff was served at the address plaintiff had provided. (*See* Dkt. No. 12).

On August 24, 2010, Magistrate Judge Homer entered an order reminding plaintiff that he had not responded to defendants' motion to dismiss and granting plaintiff an extension until September 28, 2010, to file opposition. (Dkt. No. 15).

---

[1] A form that provides a defendant's address to enable a U.S. Marshall to effect service.

2

Plaintiff was further warned that if no response was filed by that date, the court would assume that plaintiff did not oppose defendants' motion to dismiss, and that his failure to respond "may result in the termination of the case in favor of the defendants, in which instance there will be no trial." *Id.*  Magistrate Judge Homer's order was served on plaintiff at his indicated address by certified mail. *Id. Magistrate Judge Homer's order was not returned to the court as undeliverable*.  To this date, plaintiff has not contacted either the court or defense counsel with any updated information so that the case can proceed.

## II.     Failure to Prosecute

### A.     Legal Standards

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action or to comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).  Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996) (*pro se* plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives).

"The demand that plaintiffs provide contact information *is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit*." *Dumpson v. Goord*, No. 00-CV-6039, 2004 WL 1638183, 2004 U.S. Dist. LEXIS

3

14317, at *3 (W.D.N.Y. July 22, 2004) (emphasis added).  Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration, whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay.  *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions.  *Id.*  Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

### B.  Application

Plaintiff has been given opportunities by this court to participate in the case that he brought.  The court granted plaintiff's request for an extension of time to supply the necessary documents to enable the U.S. Marshall to effect service on the defendants.  Plaintiff did not comply.  Plaintiff was given an extension of time and a warning that failure to respond to a motion to dismiss for failure to prosecute could result in dismissal.  Plaintiff has not contacted the court or filed a response.  The court does recognize that, if plaintiff did not update his address, he may never have received the warnings.  However, plaintiff understands how to update his address, as he has already

done so once, when he changed his address from P.O. Box 340, Collins, NY 14034, to 1597 Candy Hill Road, Middleburgh, NY 12122.  In addition, the order warning plaintiff of the danger of failing to respond to defendants' motion to dismiss was not returned to the court as undeliverable.[2]  This case cannot proceed if plaintiff refuses to participate or cannot be found because he has failed to provide the court with a current address.

Balancing the relevant factors, this court finds that the delay has been considerable and will be indefinite, because plaintiff has failed to participate in any way in this case since August 14, 2009.  The court has attempted to give plaintiff clear notice that the actions may be dismissed, and the defendants will be prejudiced by any further delay.  This court has no alternative but to recommend dismissal of this case for failure to prosecute.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED,** that defendants motion to dismiss (Dkt. No. 11) be **GRANTED** and it is further

**RECOMMENDED,** that this case be **DISMISSED WITH PREJUDICE IN ITS ENTIRETY** pursuant to FED. R. CIV. P. 41(b) for **FAILURE TO PROSECUTE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT**

---

[2] The court notes that on February 18, 2010, an order denying an inappropriate letter request filed by defendants was returned as undeliverable, but that subsequent filings served at the same address were not returned as undeliverable. (Dkt. Nos. 10, 12, 15, 16).

**TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: January 12, 2011

Hon. Andrew T. Baxter
U.S. Magistrate Judge